UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY CROSS,<br><br>    Plaintiff,<br><br>v.<br><br>SACRAMENTO JAIL MEDICAL, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-02016-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL; OR<br><br>(2) FILE A SECOND AMENDED COMPLAINT<br><br>ECF No. 8<br><br>THIRTY-DAY DEADLINE |

    Plaintiff alleges that, while incarcerated in the Sacramento County Jail, defendant Kyle Miyamura used excessive force against him and other, unnamed defendants failed to treat injuries that he sustained in the incident. ECF No. 8 at 2, 5. These allegations are inadequately pled and, moreover, do not appear sufficiently related to proceed in the same lawsuit. I will grant plaintiff an opportunity to amend and to narrow his claims before recommending dismissal of this case.

**Screening Order**

## I.  Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff raises two unrelated claims against more than one defendant. First, he vaguely alleges that defendant Miyamura used excessive force against him by throwing him to the ground and breaking his collarbone. ECF No. 8 at 2. Although plaintiff includes Miyamura's name in the claim's title, he does not explain what this defendant did. Rather, he alleges that "they"—an unspecified number of unknown assailants—threw him to the ground. *Id.* I cannot tell how Miyamura was involved. For instance, he might have actively participated in throwing plaintiff to the ground, or he might have failed to intervene to stop other officers from doing so. If plaintiff wishes to pursue this claim, he must plead additional context and describe what the defendant did or failed to do.

Second, plaintiff alleges that he told an unnamed nurse about his broken collarbone and that she told him to request a provider appointment. *Id.* at 5. Two months elapsed, however, before plaintiff saw a doctor. The doctor allegedly took x-rays and told plaintiff that nothing could be done for his shoulder. *Id.* This claim is not sufficiently related to the excessive force claim against Miyamura. Moreover, plaintiff has not named any defendant as being responsible for this inadequate care.

Plaintiff will be permitted to amend his complaint to include only related claims that are adequately pled. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within thirty days of service of this order, plaintiff must either file another Amended Complaint or advise me that he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __August 31, 2022__                              _____
                                                                              JEREMY D. PETERSON
                                                                              UNITED STATES MAGISTRATE JUDGE